[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR ALIMONY ANDCOUNSEL FEES, PENDENTE LITE (#101)
The testimony presented during the hearings held on this motion revealed an interesting insight into the business life of the defendant, a real estate developer. However, the court's task of arriving at equitable decisions was significantly hampered by the defendant's inability to answer questions clearly and succinctly.
The court has considered the following evidence in reaching its decisions stated hereafter:
(1) The defendant's financial affidavit indicating annual gross income of approximately $52,000.00 per year;
(2) The defendant's testimony that many substantial personal expenses are paid by corporation(s) that the defendant controls;
(3) During 1993, the defendant had access to $2,000,000 from funds obtained by one of the corporations he controlled;
(4) The defendant's testimony that there were living expenses of $100,000 per year which he incurred and paid when he and the plaintiff and her children lived together during happier times;
(5) The defendant, without objection, paid expenses of the plaintiff after their separation, before the defendant abruptly ceased paying anything in January, 1994;
(6) The value of the defendant's assets as stated on his affidavit.
The court expects that at the time of the trial of the merits of this case, additional evidence, including testimony of experts, will be presented to give the trier more precise information as to the true net worth of the defendant.
The court has considered all the evidence presented and the criteria set forth in Connecticut General Statutes, Sections 46b-83
and 46b-62 in reaching its decisions.
The following orders may enter:
(1) Commencing February 15, 1994, the date this motion was filed, the defendant shall pay to the plaintiff as alimony pendente lite the sum of $4,000 per month. If the plaintiff vacates the marital residence during the pendente lite period, the defendant's CT Page 7103 obligation to pay alimony shall increase to $5,000 per month. All su sums are to be non-taxable to the plaintiff and non-deductible by the defendant for federal and state income tax purposes. A contingent wage withholding order may enter.
(2) The defendant shall continue to carry the plaintiff on his medical insurance policies during the pendente lite period. Section 46b-84c of the Connecticut General Statutes shall apply. The defendant shall cooperate in processing all medical claims of the plaintiff with his insurance carrier for all future bills as well as the bills that have been previously incurred.
(3) The defendant shall pay to the plaintiff for counsel fees, pendente lite, the sum of $20,000.
So ordered.
NOVACK, J.